## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JON DAVID SATTERFIELD**                    **CIVIL ACTION**

**VERSUS**                                    **NO: 15-5780**

**HARVEY GULF INTERNATIONAL MARINE**         **SECTION: "H"(4)**

### ORDER AND REASONS

Before the Court is Defendant's Motion for Partial Summary Judgment
(Doc. 10).  For the following reasons, the Motion is **DENIED**.

### BACKGROUND

Plaintiff Jon Satterfield alleges that on April 13, 2015, while working as
a relief captain aboard Defendant Harvey Gulf International Marine's vessel
the M/V HARVEY HEAT, he began to experience flu-like symptoms that were
in fact manifestations of congestive heart failure.  He alleges that these
symptoms were reported to his superior on the vessel and to Defendant's
onshore personnel.  Despite his deteriorating health, he alleges that Defendant
failed to relieve him of his duties or provide any medical assistance while
aboard the vessel.  He states that Defendant promised to have medical
personnel available upon the vessel's April 16, 2015 arrival in Venice, LA;

1

however, no such personnel was available at that time. Accordingly, Plaintiff, despite his increasing disorientation, drove himself to Oschner Hospital in Belle Chasse, LA. He alleges that this delay in treatment worsened his condition and complicated his recovery. Plaintiff seeks, inter alia, punitive damages for failure to timely provide cure. Defendant has filed a Motion for Partial Summary Judgment on this issue, arguing that punitive damages are not available.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7]    Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Defendant moves for summary judgment on Plaintiff's punitive damages claim, arguing that such a claim is foreclosed by the fact that it has timely paid maintenance and cure since it was made aware of Plaintiff's hospitalization. Plaintiff opposes, arguing that, payment of maintenance and cure notwithstanding, the failure to timely provide adequate medical care aboard the vessel and upon its arrival in Venice amounts to a failure to timely supply cure.   He argues that this failure was willful and wanton, making punitive damages available.

The core issue underpinning this motion is whether Plaintiff's claim for failure to timely supply medical care is brought under principles of maintenance and cure—making punitive damages available—or under principles of Jones Act negligence or the general maritime law principle of unseaworthiness—rendering punitive damages unavailable.  In arguing that punitive damages are unavailable, Defendant relies on the recent Fifth Circuit

---

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

case of *McBride v. Estis Well Service, L.L.C.*[9]   There, the court held that punitive damages are available in neither unseaworthiness nor Jones Act negligence cases.[10]   This case did not, however, upend the rule announced by the Supreme Court in *Atlantic Sounding Co., Inc. v. Townsend*, where the Court held that "[b]ecause punitive damages have long been an accepted remedy under general maritime law . . . such damages for the willful and wanton disregard of the maintenance and cure obligation should remain available in the appropriate case as a matter of general maritime law."[11] Accordingly, *McBride* is dispositive to the matter pending before the Court only if the claims presented are Jones Act negligence claims or unseaworthiness claims.

An injured seaman has three potential remedies: a Jones Act negligence claim, and unseaworthiness claim, and a claim for maintenance and cure.   A seaman has the right "to choose among overlapping statutory and common law remedies for injuries sustained by the denial of maintenance and cure."[12]   "A claim for maintenance and cure concerns the vessel owner's obligation to provide food, lodging, and medical services to a seaman injured while serving the ship."[13]   As *Townsend* demonstrates, punitive damages are available in a maintenance and cure action in certain circumstances.   Defendant avers that maintenance and cure is merely a financial obligation, and that the duty to provide medical care aboard the vessel is only actionable as a Jones Act negligence claim or an unseaworthiness claim.   As a result, they argue that summary judgment is warranted on Plaintiff's claim for punitive damages.

---

[9] 768 F.3d 382 (2014).

[10] 768 F.3d 382 (5th Cir. 2014).

[11] 557 U.S. 404 (2009).

[12] *Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 243 (2009).

[13] *Id.* at 408–409 (quoting *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001)).

4

This narrow view of the maintenance and cure obligation is contradicted by clear precedent.  In *Gaspard v. Taylor Diving & Salvage Co.,* the Fifth Circuit stated:

> The duty to provide maintenance and cure embraces not only the obligation to provide a subsistence allowance and to pay for medical expenses actually incurred by the seaman, *but to take all reasonable steps to ensure that the seaman, when he is injured or becomes ill, receives proper care and treatment.* If an unreasonable failure to provide maintenance and cure aggravates the seaman's condition, the shipowner is liable not only for the increased medical expenses and maintenance that may become necessary, but also for the full tort damages that result . . . .  Thus . . . a seaman whose injuries are aggravated by a negligent failure to provide appropriate care on board ship has overlapping causes of action. *He can recover full tort damages under either a count for negligence under the Jones Act or a count for breach of the maritime duty of maintenance and cure.*[14]

 To be sure, as the cases identified by Defendant demonstrate, a failure to provide prompt medical care can support a Jones Act negligence claim or a claim for unseaworthiness under general maritime law.  The cases cited by Defendant do not, however, indicate that these are the *exclusive* remedies for such a failure.  Indeed, the *Townsend* Court emphasized that "remedies for negligence, unseaworthiness, and maintenance and cure have different origins and may on occasion call for application of slightly different principles and procedures."[15]   The Court further noted "that a seaman's action for maintenance and cure is 'independent' and 'cumulative' from other claims such as negligence."[16]   Though maintenance and cure is often spoken of as a financial obligation, the duty of cure has broader historical roots as "the vessel

---

[14] *Gaspard v. Taylor Diving & Salvage Co.*, 649 F.2d 372, 375 (5th Cir. 1981) (citations omitted) (emphasis added).  *See also Russell v. U.S. Dist. Court for Cent. Dist. of California*, 182 F.3d 927 (9th Cir. 1999).

[15] 557 U.S. at 423 (citing *Fitzgerald v. United States Lines Co.*, 374 U.S. 16 (1963)).

[16] *Id.*

5

owner's obligation to provide food, lodging, and medical services to a seaman injured while serving the ship."[17]  This duty encompasses the duty to provide medical care to a seaman while aboard the vessel.  A breach of this a duty, as alleged here by Plaintiff, gives rise to an action for breach of the maritime duty of maintenance and cure.  Should Plaintiff be able to carry his burden of showing that this failure was willful and wanton, punitive damages may be available.[18]  Accordingly, this Court cannot say that punitive damages are unavailable as a matter of law.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment (Doc. 10) is **DENIED**.

New Orleans, Louisiana this 5th day of October, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[17] *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001).
[18] 557 U.S. at 424.